JUSTICE TRIEWEILER
concurring and dissenting.
¶48 I concur that the District Court abused its discretion when it denied challenges for cause to jurors Paula Porter and James Hansen; and, I concur that based on the presumption of prejudice established in State v. Williams (1993), 262 Mont. 530, 866 P.2d 1099, and expanded upon in State v. DeVore, 1998 MT 340, 292 Mont. 325, 972 P.2d 816, Joseph Freshment’s conviction should be reversed. However, I dissent from the majority’s classification of this error as structural error which requires automatic reversal for the same reason that I dissented to that same conclusion in State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948.
¶49 Furthermore, I dissent from the majority’s conclusion that the District Court did not abuse its discretion when it denied Freshment’s motion to sever the charges against him and hold separate trials. Although I agree that the charges were sufficiently similar to permit joinder pursuant to § 46-11-404(1), MCA, I disagree that there was insufficient evidence of prejudice to require severance pursuant to § 46-13-211(1), MCA. Here, proof of each crime was prejudicial to the defendant in his defense of the other crime and each would not have been admissible in prosecution of the other had they not been joined *172 because, as correctly noted by the majority, they did not satisfy the criteria for the admission of other acts pursuant to Rule 404(b), M.R.Evid. The reason for Rule 404(b) and our case law enforcing it is to avoid the possibility that a person is convicted not because of proof of the charge against him but because of evidence that he or she has acted similarly on a prior or subsequent occasion. That is exactly the risk which resulted from joinder of these charges and could have been avoided by trying the charges in this case separately.
¶50 The majority’s exception for evidence which is “simple and distinct” makes no sense to me. Either proof of other unrelated bad acts is prejudicial or it isn’t. It doesn’t become less prejudicial because it is “simple and distinct.” In fact, any good trial lawyer knows that simple and clear evidence is the most effective. Bad acts are bad acts whether simple or complicated. The evidence is prejudicial because of the nature of the conduct proven, not because it is complicated or easily confused with the facts at issue.
¶51 In defense of the “simple and distinct” exception, the majority notes that we parallel federal law in that regard. Personally, I think most efforts by this Court to parallel federal law in the area of criminal jurisprudence over the past twenty years have been misguided. Therefore, the federal reenforcement referred to is of little comfort to me.
¶52 For these reasons I concur in part and dissent in part from the majority opinion.